**ALD-094**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1046

_____

IN RE:  TORMU E. PRALL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-11-cv-06355)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2012
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: February 7, 2012)

_____

OPINION

_____

PER CURIAM

Tormu E. Prall petitions for a writ of mandamus to compel the United States

District Court for the District of New Jersey to act in the proceedings on his petition for a

writ of habeas corpus.  In his mandamus petition, Prall seeks an order to compel the

District Court to rule on his habeas petition.  He also seeks certification to this Court

concerning his twenty-two questions of law, which he presented in a motion currently

pending before the District Court.  He contends that mandamus relief is warranted

1

because his sentence is likely to expire before the District Court can act, and because the questions presented have significant importance.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In Prall's case, we conclude that the situation does not rise to the level of a denial of due process or a failure by the District Court to exercise jurisdiction. See Madden, id. Prall filed his habeas petition in late October 2011, and he twice filed motions to amend and supplement the petition. According to the record, the later-filed motion to amend is dated December 23, 2011, was postmarked December 30, 2011, and was placed on the District Court docket on January 3, 2012.[1] Prall's mandamus petition is dated just a few days later, December 27, 2011. It appears that the District Court has not had sufficient

---

[1] It does not appear from the record that the respondents have been served with the habeas petition or the motions.

2

opportunity to consider Prall's habeas petition and motions, and we cannot conclude that Prall's situation is in any way extraordinary or that he has shown a clear and indisputable right to mandamus relief. Prall notes in his mandamus petition that he has about three years remaining on his sentence. We are confident that the District Court will rule on his habeas petition without unnecessary delay.

Accordingly, we will deny the petition for a writ of mandamus.